UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**      (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [13, 17]

### I.      INTRODUCTION

Pending before the Court is Plaintiff William Edwards's ("Plaintiff") Motion to Remand, (Dkt. No. 13 (hereinafter, "Remand Mot.")), and Defendant Ford Motor Company's ("Defendant")[1] Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. No. 17 (hereinafter, "Def.'s Mot.")).  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED as moot**.

### II.      FACTUAL AND PROCEDURAL BACKGROUND

#### A.      Factual Background

This dispute arises from Plaintiff's purchase of a 2013 Ford Focus ("Focus") in July 2013.  (Dkt. No. 8 (hereinafter, "FAC") ¶ 9.)  Plaintiff is a resident of Los Angeles

---

[1] There is another Defendant in this action, Sunrise Ford ("Sunrise").  (*See* Dkt. No. 8 (hereinafter, "FAC").)  However, Sunrise has not yet appeared in this action; thus, the Court refers to Ford Motor Company as "Defendant."

Case 2:16-cv-05852-BRO-PLA Document 32 Filed 11/04/16 Page 2 of 10 Page ID #:248

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | **WILLIAM EDWARDS V. FORD MOTOR COMPANY** | | |

County, California. (*Id.* ¶ 3.) Defendant is a Delaware corporation.[2] (FAC ¶ 4.) Plaintiff alleges that when he purchased the Focus, Defendant, as the vehicle's manufacturer and distributor, provided an express written warranty. (*Id.* ¶ 10.) The warranty stated that Plaintiff could deliver the Focus to Defendant's representative if it needed repairs and Defendant would repair the Focus. (*Id.*) Plaintiff contends that, during the warranty period, the Focus contained or developed defects, including defects to the Focus's transmission and clutch, and these defects impaired the use, value, or safety of the vehicle. (*Id.* ¶ 11.) According to Plaintiff, Defendant has not repaired, replaced, or paid restitution to Plaintiff as required by California Civil Code sections 1793.2(d) and 1793(a)(2). (*Id.* ¶ 12.)

As a result, Plaintiff filed this action on June 29, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court") against Defendant. (*See* Dkt. No. 1-3 (hereinafter, "Compl.").) In Plaintiff's original Complaint, he brought six state law causes of action and one cause of action arising under federal law against Defendant: (1) violation of subdivision (d) of California Civil Code 1793.2; (2) violation of subdivision (b) of California Civil Code 1793.2; (3) violation of subdivision (a)(3) of California Civil Code 1793.2; (4) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"); (5) breach of implied warranty of Merchantability in violation of Song-Beverly; (6) violation of the Magnuson-Moss Warranty Act (the "MMWA"), 15 U.S.C. § 2301, *et seq.*; and, (7) common law fraud by omission. (Compl. ¶¶ 7–57.)

On August 5, 2016, Defendant removed the action to this Court, invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Dkt. No. 1 (hereinafter, "Removal").) On August 25, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (*See* FAC). In his FAC, Plaintiff added a new defendant, Sunrise, which is a California corporation with its principal place of business in North Hollywood, California. (*Id.* ¶¶ 5–6.) Further, Plaintiff excluded his MMWA cause of action—the only federal law claim. (*See* FAC.) On September 6, 2016, Plaintiff filed the instant Motion to Remand. (*See* Remand Mot.) Defendant filed the instant Motion to Dismiss for failure to state a claim on September 15, 2016. (*See* Def.'s Mot.) On October 3, 2016, Plaintiff filed its

---

[2] The parties do not provide Defendant's principal place of business. Neither party asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332, however; thus, Defendant's principal place of business is immaterial to the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

Opposition to the Motion to Dismiss. (*See* Dkt. No. 22 (hereinafter, "Plaintiff's Opp'n").) On October 7, 2016, Defendant filed its Reply regarding its Motion to Dismiss, though it had not yet filed an Opposition to Plaintiff's Motion to Remand.[3] (*See* Dkt. No. 24.) On October 10, 2016, Plaintiff replied to his Motion to Remand, informing the Court that Defendant had failed to respond to Plaintiff's Motion. (*See* Dkt. No. 25.)

On October 17, 2016, the Court issued an Order to Show Cause as to why the Court should not grant Plaintiff's Motion to Remand due to Defendant's failure to oppose. (*See* Dkt. No. 26.) On October 21, 2016, Defendant filed its Opposition, (*see* Dkt. No. 27 (hereinafter, "Def.'s Opp'n")), and responded to the Order to Show Cause,[4] (*see* Dkt. No. 28). On October 28, 2016, Plaintiff filed a Supplemental Reply. (*See* Dkt. No. 30.)

## III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). 28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to

---

[3] Under this Court's local rules, a party's opposition papers are due at least twenty-one (21) days before the date the motion is noticed for hearing. *See* C.D. Cal. L.R. 7-9. Plaintiff noticed his Motion to Remand for hearing on October 24, 2016. (*See* Remand Mot.) Accordingly, Defendant's Opposition was due no later than October 3, 2016.

[4] The Court finds Defendant's response to its Order to Show Cause satisfactory and hereby **DISCHARGES** the Order to Show Cause.

Case 2:16-cv-05852-BRO-PLA   Document 32   Filed 11/04/16   Page 4 of 10   Page ID #:250

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV.   DISCUSSION

### A.   Motion to Remand

Plaintiff claims that this Court lacks jurisdiction over this suit and requests that the Court remand the proceeding to state court, (*see* Remand Mot.), while Defendant contends that this Court has original jurisdiction over this action due to Plaintiff's MMWA claim (a cause of action arising under federal law) in his original Complaint, (Removal ¶¶ 3–4). First, the Court holds that Plaintiff's elimination of his MMWA claim in his FAC after Defendant removed the action to this Court does not warrant remand. Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[W]hen a defendant removes a case to federal court based on the presence of a federal claim an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citations omitted). Stated another way, "post removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (citations omitted). Therefore, though Plaintiff removed his MMWA claim in his FAC, this alone does not defeat this Court's jurisdiction, as the Court determines whether jurisdiction was proper at the time of removal, regardless of later amendments to the pleadings.

However, in this case, the Court finds that Defendant has failed to demonstrate that the Court has subject matter jurisdiction. Before the Court may invoke subject matter jurisdiction under the MMWA, "a plaintiff must meet an amount in controversy requirement of $50,000." *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005); *see also* 15 U.S.C. § 2310(d)(3)(b) ("No claim shall be cogniable . . . if the amount in controversy is less than the sum or value of $50,000 . . . ."). The Court assesses the amount in controversy requirement for the MMWA the same way it would

Case 2:16-cv-05852-BRO-PLA Document 32 Filed 11/04/16 Page 5 of 10 Page ID #:251

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

determine the amount in controversy for diversity jurisdiction. *Romo*, 397 F. Supp. 2d at 1240 ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").

Under § 1332, when a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence; this requires that the defendant offers evidence establishing that it is more likely than not that the amount in controversy is met, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition," and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

Here, the amount in controversy is unclear from the face of Plaintiff's Complaint.[5] (*See* Compl.) Plaintiff alleges that he "suffered damages in a sum to be proven at trial that exceeds $25,000." (Compl. ¶ 12.) Thus, Plaintiff's original Complaint does not clearly indicate that the $50,000 amount-in-controversy requirement is met. Therefore, Defendant must establish by a preponderance of the evidence that the jurisdiction minimum is satisfied. As the MMWA does not "specify the appropriate measure and type of damages that are available," under Ninth Circuit law, the Court turns "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *Romo*, 397 F. Supp. 2d at 1239. Here, the applicable state law appears to be Song-Beverly, California Civil Code section 1790, *et seq.* (*See* Compl.); *accord Romo*, 397 F. Supp. 2d at 1239–40 (explaining that "based on Plaintiff's allegations," the relevant state law was Song-Beverly).

---

[5] Plaintiff's allegations regarding damages are identical in his original Complaint and his FAC. (*Compare* Compl. ¶ 12 *with* FAC ¶ 14.)

Case 2:16-cv-05852-BRO-PLA   Document 32   Filed 11/04/16   Page 6 of 10   Page ID #:252

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

Accordingly, the Court must determine whether Plaintiff's claims arising under Song-Beverly will allow Plaintiff to recover at least $50,000.

### 1.     Actual Damages Under Song-Beverly

Song-Beverly allows a plaintiff to recover for an automobile manufacturer's violation of an express warranty. *See* Cal. Civ. Code § 1793.2. Under Song-Beverly, a plaintiff can collect restitution "in an amount equal to the actual price paid or payable by the buyer" for the automobile. Cal. Civ. Code § 1793.2(d)(2)(B). This amount is "reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, . . . for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C). To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction—the denominator is 120,000, and the numerator is the number of miles the buyer drove the car before the first relevant repair.[6] *Id.* This calculation provides the actual damages that Plaintiff suffered.

Defendant, relying on Plaintiff's assertion that the "Plaintiff suffered damages in a sum to be proven at trial that exceeds $25,000," claims that Plaintiff seeks more than $25,000 in actual damages. (Def.'s Opp'n at 4; *see also* Compl. ¶ 12.) Defendant notes that in Plaintiff's Prayer for Relief he seeks "actual damages" separate from a civil penalty amount (that is allowed under Song-Beverly and discussed in more detail below) "in the amount of two times Plaintiff's actual damages." (Compl. at 10.) According to Defendant, this "brings the amount in controversy to at least $75,000." (Def.'s Opp'n at 4.) The Court finds that Defendant's conclusion is not fully supported by the allegations in Plaintiff's Complaint, however. Rather, Plaintiff's allegations in his original Complaint do not make clear whether he is seeking more than $25,000 in *actual* damages, or *total* damages; it states simply "Plaintiff suffered *damages* in a sum to be proven at trial" of at least $25,000. (*See* Compl. ¶ 12 (emphasis added); *see also* Compl. at 10–11.) Defendant's assertion that these damages refer only to actual damages is only

---

[6] Amount paid or payable $\times \dfrac{\text{Miles Driven Prior to First Relevant Repair}}{120{,}000}$ = amount directly attributable to use by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C).

Case 2:16-cv-05852-BRO-PLA   Document 32   Filed 11/04/16   Page 7 of 10   Page ID #:253

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

an assumption. But, because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint. *See Gaus*, 980 F.2d at 566.

Moreover, Plaintiff's Complaint does not offer, and Defendant fails to produce, any facts that would allow the Court to determine the amount of actual damages Plaintiff seeks to recover. For instance, the Complaint does not establish how much Plaintiff paid for the Focus nor does it include the damage offset attributable to Plaintiff's use. (*See* Compl.) Further, though Plaintiff asserts that he can collect both actual damages and a civil penalty under Song-Beverly, Plaintiff's Complaint does not provide an amount that he attributes specifically to either. (Compl. at 10.) It is Defendant who bears the burden of proving by a preponderance of the evidence that the amount in controversy is met, *Guglielmino*, 506 F.3d at 699, but Defendant has not produced any evidence about the value of the actual damages in this case, let alone evidence establishing that the actual damages exceed $25,000, (*see* Removal; Def.'s Opp'n). Therefore, as Defendant has produced no evidence of any actual damages and Plaintiff's Complaint is ambiguous, the Court finds that Defendant has failed to establish the likelihood that Plaintiff may recover *any* amount of actual damages by a preponderance of the evidence.

## 2. Civil Penalty Damages Under Song-Beverly

Next, to reach the $50,000 jurisdictional minimum, Defendant relies on Plaintiff's request for civil penalty damages under Song-Beverly. (Def.'s Opp'n at 4.) "The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Brady v. Mercedes-Benz USA, Inc.* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted). Song-Beverly does not provide for punitive damages but "[c]ourts have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Id.* (citations omitted). Moreover, "courts have held in other contexts that treble damages authorized by state law may be included in determining the amount in controversy" and Song-Beverly "in effect authorizes treble damages." *Id.* (citations omitted). Therefore, the Court can include Song-Beverly's civil penalty damages in the amount in controversy calculation.

Case 2:16-cv-05852-BRO-PLA Document 32 Filed 11/04/16 Page 8 of 10 Page ID #:254

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

Here, Plaintiff asserts that he is entitled to civil damages under Song-Beverly. (Compl. ¶ 13.) "[I]f the buyer establishes a violation of [§ 1793.2] the buyer shall recover . . . a civil penalty of up to two times the amount of damages." Cal. Civ. Code § 1794(e)(1). "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to [the] plaintiff." *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). Defendant claims that the value of Plaintiff's civil penalty damages, if included, are $50,000. (Def.'s Opp'n at 4.) However, as determined above, Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either.

### 3. Punitive Damages and Attorneys' Fees

In addition, Defendant argues that Plaintiff's request for punitive damages and attorneys' fees brings the amount in controversy is greater than $75,000. (Def.'s Opp'n at 4.) First, as noted above, Song-Beverly the civil penalty appears to take the place of punitive damages in Song-Beverly claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Thus, it does not appear that Plaintiff will be able to recover punitive damages. However, even if punitive damages were recoverable, Defendant has failed to demonstrate a recoverable punitive damage award by a preponderance of the evidence. "When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). In this case, Plaintiff has not indicated the amount of punitive damages he is seeking in his Complaint, and Defendant has not provided any analogous verdicts or estimates of a recoverable punitive damages award. (Def.'s Opp'n at 5.) Therefore, Defendant has failed to establish the likelihood of any punitive damage award by a preponderance of the evidence.

Further, "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Both the MMWA and Song-Beverly allow the plaintiff to recover attorneys' fees. 15 U.S.C.

Case 2:16-cv-05852-BRO-PLA Document 32 Filed 11/04/16 Page 9 of 10 Page ID #:255

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | **WILLIAM EDWARDS V. FORD MOTOR COMPANY** | | |

§ 2310(d)(2); Cal. Civ. Code § 1794(d). Thus, the Court may consider attorneys' fees when determining the amount in controversy here. There is disagreement amongst courts regarding the method by which the Court should calculate attorneys' fees when determining an amount in controversy. *See Brady*, 243 F. Supp. 2d at 1010. Some courts have held that the court should consider only the amount of attorneys' fees incurred at the time the complaint is filed; others have held that the appropriate amount is those fees incurred at the time of removal; while still others have held that the court should use a reasonable estimate of the fees that the plaintiff may ultimately recover. *See id.* The appropriate approach is not dispositive in this case, however, as the parties provide no indication whatsoever of the amount of attorneys' fees that Plaintiff seeks or has incurred.

Moreover, even if the Court considered it more likely than not that Plaintiff's damages (consisting of his actual damages, punitive damages, and civil penalty) totaled at least $25,000 as Plaintiff indicates in his Complaint, the Court cannot find, based on the information before it, that it is more likely than not that, under any of the enumerated approaches, Plaintiff's recoverable attorneys' fees are at least another $25,000 as would be required for Plaintiff to meet the MMWA's $50,000 jurisdictional minimum. For example, neither party presents any evidence of the amount Plaintiff's attorney charges or evidence of attorneys' fees awards in similar cases, which would allow the Court to estimate a reasonable attorneys' fees award. *See id.* at 1011 (relying on declarations that provided attorney's hourly rate and provided information regarding fee awards in similar cases to determine the amount of attorneys' fees for amount-in-controversy purposes). Without this information, the Court may not make a reasonable estimate.

Therefore, because Defendant has failed to prove the value of actual damages, any potential civil penalty, punitive damages, or attorneys' fees, the Court finds that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $50,000. As such, the Court does not have subject-matter jurisdiction over this action under the MMWA. Accordingly, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to Los Angeles Superior Court.

### B. Motion to Dismiss for Failure to State a Claim

As for Defendant's Motion to Dismiss, because the Court remands the action to state court due to a lack of jurisdiction, Defendant's Motion is **DENIED as moot**. *See*

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05852 BRO (PLAx) | Date | November 4, 2016 |
|---|---|---|---|
| Title | WILLIAM EDWARDS V. FORD MOTOR COMPANY | | |

*Johnson v. Sr. Living Mgmt. Inc.,* No. CV 15-02297 BRO (VBKx), 2015 WL 3830291, at * 9 (C.D. Cal. June 18, 2015) ("Because the Court has granted Plaintiff's motion for remand, Defendant's motion to dismiss is **DENIED** as moot.").

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has sufficiently established grounds for remand in this case.  Therefore, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**                                                                                                :

| | Initials of Preparer | rf |
|---|---|---|